IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL WILLIAM JENSEN,

    Plaintiff,                   1:05-CV-01005 ALA P

    vs.

JAMES A. YATES, Warden, et al.,

    Defendants.             <u>ORDER</u>

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis. He seeks relief pursuant to 42 U.S.C. § 1983.

      Pursuant to 28 U.S.C. § 1915A(a), when the litigant is a prisoner, this Court must screen complaints brought against a governmental entity or officer or employee of a governmental entity. The Court must dismiss the complaint if the claims contained in it, even when read broadly, are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or seek money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b). A claim "is frivolous [if] it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "At this stage of the litigation, [this Court] must accept [Plaintiff's] allegations as true." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts

1

that could be proved consistent with the allegations." *Id.*

"To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cr. 2006).

Plaintiff alleges that he was twice robbed by fellow inmates and brings this action against several correctional officers because they, "did nothing to abate them, and failed to secure, charge, and prosecute the offenders." Amended Complaint at 22. However, even assuming for the sake of argument, that the correctional officers named intentionally acted to deprive Plaintiff of his property, an unauthorized intentional deprivation of property by an employee of the state, does not create a constitutional violation if there is a meaningful state law remedy available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Plaintiff has not shown, and indeed is unlikely to be able to show, that there is not a meaningful state law remedy available to Plaintiff for the alleged conduct. Thus, Plaintiff's complaint fails to state a claim upon which relief may be granted and will therefore be dismissed with leave to amend.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, Plaintiff is informed that the court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended

1 complaint be complete in itself without reference to any prior pleading.  This is because, as a

2 general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375

3 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended complaint, the original pleading no

4 longer serves any function in the case.  Therefore, in an amended complaint, as in an original

5 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

6 /////

7     In accordance with the above, IT IS HEREBY ORDERED that the complaint is

8 dismissed for the reasons discussed above, with leave to file an amended complaint within thirty-

9 five (35) days from the date of this order.  Failure to file an amended complaint will result in a

10 dismissal of this action.

11 /////

12 DATED: November 1 , 2007

13                                              /s/ Arthur L. Alarcón  
                                             UNITED STATES CIRCUIT JUDGE  
                                             Sitting by Designation